■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLF BLOCKER, Appellant. [666 NYS2d 736] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sampson, J.), rendered March 15, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

By decision and order on motion dated September 25, 1996, this Court directed that a reconstruction hearing be held with respect to the selection of the jury. The reconstruction hearing record reveals that during the first round of jury selection, the People contended that the defendant was exercising his peremptory challenges in a racially-discriminatory manner (*see, People v Payne,* 88 NY2d, 172; *Batson v Kentucky,* 476 US 79). The defendant was required to provide a race-neutral explanation for his challenge to Juror Number Two, and the Trial Judge seated that juror over the defendant's objection. The defendant's trial attorney, relying on her own notes and independent recollection, stated at the hearing that she challenged the juror because he was the victim of a car theft, and the defendant's previous convictions included a car theft. The trial prosecutor candidly admitted that he had no independent recollection of the jury selection nor did he recall why the Trial Judge ultimately rejected the defense counsel's explanation as pretextual. He suggested, however, that the defense counsel's explanation was pretextual because "a lot of jurors nowadays have had, and then, even, had car thefts in their history". In the decision and order issued after the reconstruction hearing, the Trial Judge simply reiterated his trial ruling that the

reasons offered by the defense counsel were pretextual, and not race-neutral.

The defendant contends that the Trial Judge erred in seating Juror Number Two over his objection because the People failed to show that the peremptory challenge was racially discriminatory. We agree. The defendant established that he offered a facially race-neutral explanation for this peremptory challenge. The trial prosecutor was unable to recall with certainty the specific factual arguments he made to support his claim that the explanation was pretextual, and the Trial Judge evidently was unable to recall because he set forth no reason for his ruling (*see, People v Payne, supra,* 88 NY2d, at 183-184). In view of the sparseness of the reconstructed record of the voir dire, a determination that the Trial Judge found the defendant's explanation to be pretextual because other jurors were not challenged on the same ground (*cf., People v Stiff,* 206 AD2d 235, *cert denied* 516 US 832), as the People contend, would be based on speculation. Accordingly, the judgment is reversed, and the defendant is granted a new trial.

In view of our determination, we need not reach the defendant's remaining contention. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.